IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-123 |
| | ) | (JORDAN/GUYTON) |
| DOUGLAS TROY THOMPSON and | ) | |
| RANDALL THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned for a pretrial conference and motion hearing on January 9, 2007. Present on behalf of the government was Assistant United States Attorney Cynthia F. Davidson. Present on behalf of the defendant Douglas Troy Thompson was attorney Leslie McAdoo. Present on behalf of the defendant Randall Thompson was attorney John T. Rogers. Both defendants were also present.

**I.  MOTION FOR THE PRODUCTION OF CO-CONSPIRATOR'S STATEMENT**

The defendant Randall Thompson moves the Court for an Order requiring the government to produce for his inspection any alleged statements made by any alleged co-conspirators, which the government intends to introduce at trial pursuant to Rule 801(b)(2)(E) of the

Federal Rules of Evidence. [Doc. 14]. In its written response, the government argues that the defendant's request is outside the scope of discovery under Rule 16(a) of the Federal Rules of Criminal Procedure. [Doc. 31].

At the hearing, the government advised the Court that all co-conspirator statements have been provided to the defendant. Based upon the government's representation, counsel for Defendant Randall Thompson agreed to withdraw his motion. Accordingly, the Motion of Defendant Randall Thompson for the Production of Any Co-Conspirator Statement [Doc. 14] is **DENIED AS MOOT**.

II. **MOTION FOR PRODUCTION OF AGENTS' ROUGH NOTES**

The defendant Randall Thompson moves the Court for an Order requiring the government to produce any rough notes of any government agent allegedly taken by any such agent during the course of any statement allegedly made by the defendant. [Doc. 15]. At the hearing, the defendant Douglas Troy Thompson orally joined in this motion. In its written response, the government opposes the motion, arguing that any agents' rough notes are not subject to discovery under Rule 16(a) of the Federal Rules of Criminal Procedure.

Pursuant to the Order on Discovery and Scheduling [Doc. 8 Para. A(1)], the government is obligated to permit the defendants to inspect and copy any relevant written or recorded statements in the possession, custody or control of the government that were made by the defendant, including those portions of "any written record (including rough notes) containing the substance of any relevant oral statement made by defendant before or after arrest in response to

interrogation by any person then known to the defendant as a government agent."[1] Accordingly, the defendants' Motion for Production of Any Rough Notes by Any Government Agency Pertaining to Any Statement Allegedly Made by Him [Doc. 15] is **GRANTED**.

III. **MOTION FOR DISCLOSURE OF RULE 404(B) EVIDENCE**

The defendant Randall Thompson moves the Court for an Order requiring the government to provide to the defendant now, or at least fourteen (14) days before trial, a description of all Rule 404(b)-type evidence it intends to introduce in its case-in-chief. [Doc. 16]

In response [Doc. 26], the government states that it will comply with the Court's Order on Discovery and Scheduling [Doc. 8, para. I] and provide such evidence seven calendar days before trial. Counsel for the defendant at the hearing agreed that this was reasonable. Accordingly, Defendant Randall Thompson's Motion for Disclosure of Any Rule 404(b) Evidence the Government Intends to Introduce at Trial [Doc. 16] is **DENIED**.

IV. **MOTION FOR A BILL OF PARTICULARS**

The defendant Randall Thompson moves for a bill of particulars specifying the following information with respect to the Indictment [Doc. 1]: (1) a description of each act of participation and/or act of encouragement and/or affirmative act that Randall Thompson allegedly committed to help or encourage anyone else in the commission of the offense charged in the Indictment; and (2) a description of each act of participation and/or act of encouragement and/or

---

[1] The Order on Discovery and Scheduling further requires the government to advise the agents and officers involved in the case to preserve all rough notes. [Doc. 8 para. H]. The government informed the Court at the hearing that it has so advised its agents and officers.

affirmative act that Douglas Troy Thompson committed to help or encourage anyone else to commit the offense charged in the Indictment. [Doc. 18]. The defendant argues that these requests are reasonable and necessary in order to enable the defendant to effectively prepare to defend the charges against him and to minimize the possibility of surprise at trial.

The government opposes the defendant's motion, arguing that the defendant is merely seeking to discover evidentiary details and legal theories that the government will rely on at trial. The government further argues that the defendant was provided with extensive pretrial discovery on November 20, 2006, which included copies of the documents, checks, and bank statements which identify the alleged money laundering transactions. [Doc. 27].

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750

4

(6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 2000 Fed. App. 0240P (6th Cir. July 20, 2000) (on sentencing issue).

The one-count Indictment [Doc. 1] alleges as follows:

> Beginning at least as early as February 17, 2004 and continuing until on or about February 27, 2004, in the Eastern District of Tennessee and elsewhere, the defendants, DOUGLAS TROY THOMPSON and RANDALL THOMPSON, knowingly, willfully, and unlawfully, conspired, agreed and confederated with one another to commit offenses defined in Title 18, United States Code, Section 1956, that is, to conduct and attempt to conduct financial transactions affecting interstate commerce which involved the proceeds of a specified unlawful activity, that is, theft of monies of the United States, in violation of Title 18, United States Code, Section 641, knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, ownership and control of the proceeds of the specified unlawful activity and knowing that while conducting and attempting to conduct such financial transactions, the property involved in those financial transactions represented the proceeds of some form of unlawful activity, said financial transactions being more particularly described as follows: 1) the deposit of a United States Treasury Check in the amount of $47,175.00 made payable to Randall L. Thompson . . . into the account of Randall L. Thompson at USAA Federal Savings Bank, San Antonio, Texas and 2) the deposit of a $47,000 check drawn on the account of Randall L. Thompson at USAA Federal Savings Bank and made payable to Carole Thompson[.]

[Doc. 1].

The Indictment sets forth in detailed and specific language the nature of the defendant's conduct which the government alleges violated the charged statute. Specifically, the Court finds that Count One as stated in the Indictment as charged sufficiently apprises the defendant of the charge that he is facing in order to permit him to prepare his defense, to avoid surprise at trial, and to protect against a double jeopardy violation. Furthermore, the Court finds that the defendant has been provided with extensive pretrial discovery, including copies of documents, checks, and

bank statements, which identify the alleged money laundering transactions. For these reasons, Defendant Randall Thompson's Motion for a Bill of Particulars [Doc. 18] is **DENIED**.

## V. MOTION TO COMPEL DISCOVERY AND BRADY MATERIAL

The defendant Douglas Troy Thompson moves the Court to compel the government to produce certain discovery pursuant to Rule 16 and under the principles of Brady v. Maryland, 373 U.S. 83 (1963). For grounds, the defendant states that the requested materials are in the possession of the government, are material to the presentation of the defense in this case, constitute evidence negating the element of intent in this case, and tend to mitigate the defendant's culpability. [Doc. 21]. Attached to the defendant's motion are two letters dated December 15 and 18, 2006, respectively, setting forth the defendant's specific discovery requests.

The government opposes the defendant's motion, arguing that most of the defendant's discovery requests are far outside the scope of Rule 16 discovery. The government indicates that it will provide an FBI 302 reports prepared by the agents in this case. The government further argues that it is aware of its obligations under Brady and the Jencks Act and will comply with such obligations, per the Court's Order on Discovery and Scheduling. [Doc. 32].

The Court's Order on Discovery and Scheduling [Doc. 19 para. E] provides as follows:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the government has acknowledged its duty to disclose exculpatory and impeachment evidence, and states that such information will be turned over to the defense, if such information exists. Accordingly, the Court finds that no further ruling on the requested Brady materials is necessary.

The defendant's motion to compel [Doc. 21] is **GRANTED** with respect to (1) the defendant's request for FBI 302 reports and (2) his request for any rough notes which contain the substance of any relevant oral statement made by defendant before or after arrest in response to interrogation by any person then known to the defendant as a government agent. To the extent that the defendant seeks State Department contracting documents, the Court finds that the defendant's request falls outside the scope of Rule 16 discovery and/or Brady. Furthermore, the Court notes that defense counsel indicated at the hearing that she intends to subpoena these documents from the State Department under the applicable Touhy regulations. Accordingly, to the extent to that the defendant seeks to compel the production of State Department contracting documents, the defendant's motion to compel [Doc. 21] is **DENIED**.

## VI.  MOTION TO SUPPRESS

The defendant Douglas Troy Thompson moves the Court to suppress the defendant's oral statement made to government agents on April 25, 2005, and to preclude the government from using any portion of that oral statement in its case-in-chief. [Doc. 22].

In response, the government states that it does not intend to introduce the defendant's statement in its case-in-chief. [Doc. 28]. Based upon this stipulation, the defendant agrees that his motion is now moot, and therefore, Defendant Douglas Troy Thompson's Suppression Motion [Doc. 22] is **DENIED AS MOOT**.

**VII.   MOTION FOR SEVERANCE**

The defendant Douglas Troy Thompson moves the Court for relief under Bruton v. United States, 391 U.S. 123 (1968). For grounds, the defendant states that the government intends to introduce certain oral statements made by co-defendant Randall Thompson, which the defendant believes tend to inculpate the defendant Douglas Troy Thompson. Accordingly, in order to secure his right of confrontation, the defendant asks the Court for appropriate relief, including but not limited to severance of the joint trial, exclusion of the inculpatory statements, and/or redaction of the statements, if possible. [Doc. 24].

In response, the government states that it intends to offer in its case-in-chief only those portions of defendant Randall Thompson's admissions which do not directly inculpate defendant Douglas Troy Thompson, thereby alleviating any Bruton issues. The government has submitted redacted versions of the defendant Randall Thompson's statements for the Court's consideration. At the request of defense counsel, the government agreed to further redact two sentences from the last paragraph of the May 9, 2005 statement, which sentences refer to attorney McAdoo. With that additional redaction, the defendants agree that any potential Bruton issues presented by the statements are now resolved. Accordingly, Defendant Douglas Troy Thompson's

Motion for Relief under <u>Bruton v. United States</u> [Doc. 24] is now moot, and the motion is therefore **DENIED AS MOOT**.

VIII. **MOTION FOR CONTINUANCE**

At the hearing, defendants' counsel orally moved for a continuance of the trial, which is currently set to begin January 25, 2007. For grounds, counsel argued that additional time was needed in order to subpoena certain State Department employees and to review the discovery that will be provided by the government. The government opposed the defendants' oral motion.

The Court finds the joint oral motion to continue to be well-taken, and it is therefore **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that a continuance is required to allow both parties the reasonable time necessary to prepare for trial, particularly to subpoena certain State Department employees and to review the discovery that will be provided by the government, even taking into account counsels' due diligence. <u>See</u> 18 U.S.C. § 3161(h)(8)(B)(iv).

In light of these findings and its granting of the oral motion, the Court set a new trial date of **March 12, 2007**. The Court further finds, and the defendants agree, that the period of time between January 9, 2007 and the new trial date of **March 12, 2007** shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B). The Court also notes that delay during pendency of the defendant's motions is also excludable time under the Act. 18 U.S.C. § 3161(h)(1)(F).

## VIII. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1) The Motion of Defendant Randall Thompson for the Production of Any Co-Conspirator Statement [Doc. 14] is **DENIED AS MOOT**;

(2) Defendants' Motion for Production of Any Rough Notes by Any Government Agency Pertaining to Any Statement Allegedly Made by Him [Doc. 15] is **GRANTED**;

(3) Defendant Randall Thompson's Motion for Disclosure of Any Rule 404(b) Evidence the Government Intends to Introduce at Trial [Doc. 16] is **DENIED**;

(4) Defendant Randall Thompson's Motion for a Bill of Particulars [Doc. 18] is **DENIED**;

(5) Defendant Douglas Troy Thompson's Motion to Compel Discovery and Brady Material [Doc. 21] is **GRANTED IN PART** and **DENIED IN PART**;

(6) Defendant Douglas Troy Thompson's Suppression Motion [Doc. 22] is **DENIED AS MOOT**;

(7) Defendant Douglas Troy Thompson's Motion for Relief under Bruton v. United States [Doc. 24] is **DENIED AS MOOT**;

(8) The pretrial conference is hereby **CONTINUED** to **March 6, 2007 at 9:00 a.m.** before the Honorable H. Bruce Guyton, United States Magistrate Judge; and

(9) The trial of this matter is hereby **CONTINUED** to **March 12, 2007 at 9:00 a.m.** before the Honorable Leon Jordan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge