IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CR-123 |
| ) | (Jordan / Guyton) |
| DOUGLAS TROY THOMPSON and ) | |
| RANDALL THOMPSON, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court to resolve a request for disclosure made under Brady v. Maryland, 373 U.S. 83 (1963). Defendant Douglas Thompson initially filed a Motion to Compel Discovery and Brady Material on December 18, 2006. [Doc. 21]. This Court heard argument of this, and other motions, at a hearing conducted on January 9, 2007. On January 17, 2007, this Court issued a ruling on defendant Douglas Thompson's request for State Department records pertaining, *inter alia*, to the procurement of certain equipment and materials, or lack thereof. [Doc. 34]. On January 29, 2007, defendant filed a Motion for Reconsideration of Denial of Brady Requests [Doc. 35], and the government responded [Doc. 41]. This Court heard further argument about the requests on February 20, 2007. Present on behalf of the government was Assistant United States Attorney Cynthia F. Davidson. Attorney Leslie McAdoo participated via telephone on behalf

of the defendant Douglas Troy Thompson. Attorney John T. Milburn Rogers participated via telephone on behalf of Randall Thompson. Neither defendant was present. After further argument on the issues raised in defendant's motion for reconsideration, the Court took this matter under advisement on February 21, 2007.

The Court examined the positions of the parties in its earlier written ruling, however a brief review of the points salient to reconsideration follows. At the February 20, 2007, hearing, counsel for defendant Douglas Thompson restated and expanded upon the request for production. Attorney McAdoo described, in general terms, that defendant Douglas Thompson took a pragmatic approach to conducting business with the State Department and with foreign national equipment and service providers. Attorney McAdoo argued that the documents requested of the government were anticipated to be exculpatory in that they would tend to demonstrate Douglas Thompson's unconventional, but not dishonest, manner of providing critical improvements to State Department properties overseas. Defendant claims he used his own funds and unorthodox methods for obtaining desperately needed improvements to security lighting systems, generators and other fundamental systems in the embassies he served. Defendant asserts that his effective methods were tacitly approved by authorities in the State Department because he "cut through red tape" and got things done. Some of these transactions form the basis of the charges in the instant indictment. Defendant argues that the State Department has records of his pattern of past business dealings on behalf of the embassies, communications between embassy personnel about the improvements, records maintained on a computer used by him during his employ and other documents necessary to his defense. Defendant argues that these documents, or the lack of the documents in certain instances, would tend to negate his intent to convert monies of the United States to his own use as charged in

the indictment. Defendant represents that he does not have his own documentary evidence to demonstrate this defense.

The government argues that the requested documents requested fall outside the scope of Brady in that this defendant has failed to demonstrate how they could be exculpatory. The government asserts that the defendant's own records would be the best demonstration that he paid for goods and services from his own pocket. The government also objected that the material requested is expected to be voluminous and its production would strain the resources of both the State Department and the United States Attorney's Office, if it could be accomplished.

Defendant Douglas Thompson has made a series of requests by letter to the Assistant United States Attorney for information and documents he asserts will be helpful to him at trial on the issue of his culpability. Material favorable to the accused, in the sense of Brady, must be directly exculpatory or serve to impeach a government witnesses' credibility. United States v. Mullins, 22 F.3d 1365, 1371 (6th Cir. 1994). The government does not have a "constitutional obligation to disclose any information that *might affect* the jury's verdict. That statement of a constitutional standard of materiality approaches the 'sporting theory of justice' expressly rejected in Brady." United States v. Agurs, 427 U.S. 97, 108 (1976) (emphasis added). The information sought must be "material" to the issue of guilt or innocence, or to punishment. United States v. Bagley, 473 U.S. 667, 682 (1985); Kyles v. Whitley, 514 U.S. 419, 432 (1995) Although the information sought by defendant Douglas Thompson may be helpful to the defense in preparing for trial, given his stated theory that he did not generally act to promote his own gain, but rather to most effectively serve the embassies, he has failed to demonstrate an adequate connection between the documents he seeks and the substance of the indictment. Assuming that documents exist as

described in Mr. Thompson's requests, they are of no evident relevance to the subject matter of the indictment: the $47,175 check payable to Randall L. Thompson and the subsequent transfer of $47,000 to Carole Thompson. Whether defendant Douglas Thompson was an exemplary public servant in all other respects is not material, in the sense of Brady, to whether he fraudulently obtained money from the government on this occasion. "There is no general constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977); c.f., Wardius v. Oregon, 412 U.S. 470, 474 (1973) ("the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded."). In fact, the defendant seems to argue that because his irregular financial transactions were not prosecuted in the past, this fact negates his culpability in the instant matter. The Court "cannot raise that trial strategy to the dignity of a constitutional right." United States v. Agurs, 427 U.S. 97, 109 n15 (1976).

After consideration of the thorough pre-trial motions of the parties and arguments made at both hearings, the Court declines to reverse its earlier ruling on defendant Douglas Thompson's requests. Accordingly, defendant's Motion for Reconsideration of Denial of Brady Requests [Doc. 35] is **DENIED**.

IT IS SO ORDERED.

ENTER:

　　s/ H. Bruce Guyton　　
United States Magistrate Judge